
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 23 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Michelle Sherman vs. Financial Credit LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [8-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | APR 0 1 2003 date docketed | |
| | Notified counsel by telephone. | | | | 15 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| RO | courtroom deputy's initials | | 03 MAR 31 PM 2:44 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 00023 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| FINANCIAL CREDIT LLC, | ) | **DOCKETED** |
| | ) | |
| Defendant. | ) | APR 0 1 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Sherman sued Defendant Financial Credit LLC, alleging that Defendant's debt collection letter contained false, deceptive or misleading information in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. For the following reasons, Defendant's motion is denied. (R. 8-1.)

## RELEVANT FACTS

In an attempt to collect on Sherman's allegedly delinquent Bally's health club membership, Defendant sent Sherman a collection letter. The text of the letter states, in pertinent part:

> Dear MICHELLE SHERMAN:
>
> *Our records indicate you are gainfully employed at BAHAMA BREEZE.*
>
> Our efforts to arrange a mutually acceptable repayment schedule have been unsuccessful. If we do not receive a response from you within the next ten (10) days, our next step will be to refer your account for legal review.



> If this matter is reduced to Judgment, the amount owed will be
> increased by court costs. After the Judgment is entered, we will be
> authorized by law, to institute garnishment or execution against
> your wages or non-exempt property.

\* \* \*

(R. 1, Compl., Ex. A, Collection Letter) (emphasis added). Plaintiff sued, claiming that the highlighted language impermissibly suggests that Defendant will use its knowledge of an employer in a detrimental manner, perhaps to intimidate or embarrass debtors into responding to the letters. (*Id.* at ¶ 12.) Presently before the Court is Defendant's Rule 12(b)(6) motion to dismiss.

## ANALYSIS

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we treat the complaint allegations as true, and view all well-pleaded facts and inferences drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 325 (7th Cir. 2000). A Rule 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would ultimately entitle her to relief. *Id.*

Plaintiff alleges in her complaint that the language in Defendant's debt collection letter violates the FDCPA's prohibition against "any false, deceptive, or misleading representation or means in connection with the collection of any debt" because by informing Plaintiff that Defendant is aware of her place of employment, Defendant hints that it may contact her employer or otherwise use that information in an improper manner. 15 U.S.C. § 1692e; *see also* 15 U.S.C.

§ 1692e(10) (prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . .").[1]

The FDCPA was designed to "protect consumers from abusive, deceptive, and unfair debt collection practices . . . . In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods in its effort to collect a debt from a consumer." *Jenkins v. Heintz*, 124 F.3d 824, 828 (7th Cir. 1997) (internal citations and quotations omitted). We evaluate FDCPA claims from the perspective of the "unsophisticated consumer." *See Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). This standard attempts to "protect[] the consumer who is uninformed, naive, or trusting" but at the same time "admits an objective element of reasonableness" that "shields complying debt collectors from liability for unrealistic or peculiar interpretations of collections letters." *Id.* For purposes of a motion to dismiss, we do not determine whether the consumer actually was confused by the

---

[1] Plaintiff also noted in her complaint that "[t]he FDCPA prohibits third party contacts with respect to a consumer whose location is known, until such time as a judgment is obtained." (*Id.* at ¶ 13) (*citing* 15 U.S.C. § 1692c). Seizing on this language, Defendant devotes most of its motion to dismiss arguing that the language of the letter does not constitute a "threat to take any action that cannot legally be taken or that is not intended to be taken," which is prohibited by 15 U.S.C. § 1692e(5). *See Herbert v. Wexler & Wexler*, No. 95 C 1452, 1995 WL 535107, *1-2 (N.D. Ill. Sept. 5, 1995) (granting Rule 12(b)(6) motion on plaintiff's claim that defendant violated § 1692e(5) when it sent collection letter stating "[w]e have advised our client of the fact that you are employed and the location of your employment; we have further advised them that you have the ability to pay this debt but refuse to do so."); *cf. Raimondi v. McAllister & Assocs.*, 50 F. Supp. 2d 825, 827 (N.D. Ill. 1999) (granting plaintiff's motion for summary judgment under § 1692e(5) because defendant's collection letter stated "a professional collector will investigate your financial situations through . . . employers."). Apparently conceding that the letter does not rise to the level of a threat in violation of § 1692e(5), Plaintiff retreats from this line of argument and instead insists in its response that the language of the letter violates § 1692e generally, in lieu of one of the enumerated violations. (R. 6, Pl.'s Resp. at 2, n.1.) Thus, for purposes of this opinion, we decide only if Plaintiff's complaint states a claim under the general provisions of § 1692e.

3

letter, the objective reasonableness of the consumer's belief, or the intent of the defendant's statement. Such questions are issues of fact that must be decided in a motion for summary judgment. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) (holding that confusion is a question of fact rather than a question of law, so plaintiffs are entitled to present evidence showing the dunning letter to be confusing in the eyes of the unsophisticated consumer); *Johnson v. Recovery Mgmt., Inc.*, 169 F.3d 1057, 1059 (7th Cir. 1999).

Applying the "unsophisticated consumer" standard in the context of a motion of dismiss merely requires us to determine whether, under any set of facts, an unsophisticated consumer could find the statement in the collection letter deceptive or misleading. *See Miller v. Knepper & Moga, P.C.*, No. 99 C 3183, 1999 WL 977079, *3-4 (N.D. Ill. Oct. 22, 1999). Defendant, relying on *Herbert v. Wexler & Wexler*, 1995 WL 535107, argues that the case must be dismissed because "[t]he FDCPA does not prevent a debt collector from merely identifying the place of a consumer's employment in a debt collection letter." (R. 14, Def.'s Reply at 2.) But we believe that the claims in *Wexler* are distinguishable from the instant case and thus preclude us from granting the motion to dismiss on the same grounds. In *Wexler*, the court granted a Rule 12(b)(6) motion to dismiss because the statements contained in the debt collection letter simply "inform[ed] Plaintiff that Defendants and their client are aware that Plaintiff is employed and capable of paying the debt" and thus did not "implicitly, let alone explicitly, threaten communication with Plaintiff's employer" in violation of 15 U.S.C. §§ 1692c(b) and 1692e(5). However, as mentioned in note 1, *supra*, Plaintiff does not allege that Defendant's reference to her employer constituted an explicit or implicit threat to take an impermissible action under §§ 1692c(b) and 1692e(5). Instead, Plaintiffs allege a more subtle violation of the

FDCPA—namely, that by mentioning Sherman's employer in the letter, Defendant is sending a deceptive or misleading signal that it will somehow use that information to Plaintiff's detriment. Although this interpretation is a stretch even under the most expansive interpretation of the general provisions of § 1692e, it is possible that an unsophisticated consumer could interpret the letter in this manner, and therefore we cannot say as a matter of law that Plaintiff's claim is meritless.[2] Accordingly we deny Defendant's motion to dismiss. (R. 8-1.)

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: March 31, 2003

---

[2] We emphasize, however, that simply because Plaintiff has survived this motion to dismiss does not mean that Plaintiff will automatically prevail on a motion for summary judgment or at trial. When we reach that stage Plaintiff will need to prove her claim that unsophisticated consumers find this language confusing or misleading with adequate proof. *See Walker*, 200 F.3d at 504; *Johnson*, 169 F.3d at 1060.